UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————————

LEE SPENCER,

                          Plaintiff,

                                                            6:20-CV-1316
v.                                                          (GTS/TWD)

SCHENECTADY POLICE DEPT.; JOHN DOE 1,
Patrol Man Officer; JOHN DOE 2, Patrol Man
Officer; SCHENECTADY CORR. FACILITY;
NURSE BARRETT; and SCHENECTADY
COUNTY,

                          Defendants.

———————————————————————————

APPEARANCES:

LEE SPENCER
    Plaintiff, *Pro Se*
18 Wall Street, #3
Hudson Falls, New York 12839

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* civil rights action filed by Lee Spencer

("Plaintiff") against the six above-captioned entities and individuals ("Defendants"), are (1)

United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending

that certain of Plaintiff's claims be *sua sponte* dismissed with prejudice for failure to state a

claim, certain other claims be *sua sponte* dismissed without prejudice (and with leave to replead)

for failure to state a claim, and his remaining claims survive the Court's *sua sponte* review, and

(2) Plaintiff's Second Amended Complaint.   (Dkt. Nos. 10, 11, 12, 13.)   For the reasons set

forth below, the Report-Recommendation is accepted and adopted in its entirety, Plaintiff's

Second Amended Complaint is rejected as premature, and he is granted leave to file another one.

## I.      RELEVANT BACKGROUND

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following four findings of fact and conclusions of law: (1) Plaintiff's Fourth Amendment claims of excessive force and failure to intervene against Defendant Schenectady Police Department should be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), except to the extent that Plaintiff is attempting to plead a *Monell* claim against the City of Schenectady as the real party in interest, in which case Plaintiff should be permitted to replead that claim; (2) Plaintiff's Fourteenth Amendment claim of deliberate indifference to a serious medical needs and his state law claim of negligence against Defendant Schenectady County Correctional Facility should be *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), except to the extent that Plaintiff is attempting to plead a *Monell* claim against the County of Schenectady as the real party in interest, in which case Plaintiff should be permitted to replead that claim; (3) Plaintiff's Fourth Amendment claims of excessive force and failure to intervene against John Does 1 and 2 should survive the Court's *sua sponte* review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A; and (4) the Clerk of Court should be directed to add the City of Schenectady Chief of Police, Eric Clifford, as a defendant for purposes of service and discovery with respect to Plaintiff's claims against John Does 1 and 2 only.   (Dkt. No. 10, at Part II.)

Rather than file an Objection to the Report-Recommendation, Plaintiff has filed what

purports to be a Second Amended Complaint.   (Dkt. No. 13.)[1]

## II.   STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.   Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).   To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."   N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).   However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3]   Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1]      In addition, Plaintiff has filed letters that, liberally construed, support a second request for the appointment of counsel.   (Dkt. Nos. 11-12.)   Because that request is non-dispositive in nature (and indeed was previously decided by Magistrate Judge Dancks), the Court construes it as pending before Magistrate Judge Dancks.

[2]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[4]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp.

4

subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."   *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. §

636(b)(1)(C).

### III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

thorough Report-Recommendation, the Court can find no clear-error in the

Report-Recommendation.   Magistrate Judge Dancks employed the proper standards, accurately

recited the facts, and reasonably applied the law to those facts.   As a result, the

Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

With regard to Plaintiff's Second Amended Complaint, that pleading is rejected for each

of two reasons.[6]   First, Plaintiff has already successfully amended his Complaint (*see* Dkt. No.

---

380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely
constitute a "rehashing" of the same arguments and positions taken in original papers submitted
to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL
3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,
07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte
v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,
J.).

[5]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31,
1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to
which no specific objection is made, so long as those sections are not facially erroneous.")
(internal quotation marks and citations omitted).

[6]      For the sake of brevity, the Court will not decide whether a party's right to amend its
pleading once as a matter of course does not exist where the 21-day deadline by which to do so

10, at 1-2, n.2 [Report-Recommendation, deciding to treat Dkt. No. 9 as a "amendment to" Dkt. No. 1); and party may amend its complaint only once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

Second, in any event, it would hardly be an extension of special solicitude to Plaintiff for the Court to accept his "Second Amended Complaint" without further inquiry under the circumstances. The Second Amended Complaint asserts claims against only Schenectady County, "Nurse Barrett," and a John Doe Doctor.   (Dkt. No. 13.)   However, an amended complaint supersedes a prior complaint in all respects.[7]   As a result, acceptance of Plaintiff's Second Amended Complaint would result in the immediate dismissal (through withdrawal) of his claims against John Does 1 and 2 (who are police officers, not a nurse and a doctor), and would preclude him from attempting to amend his claims against the City of Schenectady.   Moreover, the factual allegations supporting the claims in his "Second Amended Complaint" are four sentences in length, as compared to those in support of his Amended Complaint, which are sixteen sentences in length (not including exhibits).   (*Compare* Dkt. No. 13 *with* Dkt. Nos. 1 and

---

has not yet been triggered. *See* Fed. R. Civ. P. 15 (which arguably requires service, the filing of a responsive pleading or the filing of a motion under Fed. R. Civ. P. 12 before the 21-day deadline to amend as of right is triggered).

[7]      *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

9.)

If this is indeed Plaintiff's decision, then so be it of course. However, the decision should be an informed one, and he has made it without the benefit of this Decision and Order.   For all of these reasons, the Court finds that it would be a better extension of special solicitude to Plaintiff to give him a reasonable opportunity to submit another Second Amended Complaint (or again submit the current one, should he so choose), after he has received this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 10) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's Fourth Amendment claims of excessive force and failure to intervene against Defendant Schenectady Police Department are *sua sponte* **<u>DISMISSED</u> with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), **EXCEPT** to the extent that he is attempting to plead a *Monell* claim against the City of Schenectady as the real party in interest, in which case he is granted **LEAVE** to **AMEND** that claim within **THIRTY (30) DAYS** of this Decision and Order in a **SECOND AMENDED COMPLAINT**; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment claim of deliberate indifference to a serious medical needs and his state law claim of negligence against Defendant Schenectady County Correctional Facility are *sua sponte* **<u>DISMISSED</u> with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), **EXCEPT** to the extent that he is attempting to plead a *Monell* claim against the County of Schenectady as the real party in interest, in which case he is granted **LEAVE** to **AMEND** that claim within **THIRTY (30) DAYS** of this Decision and Order in a **SECOND AMENDED COMPLAINT**; and it is further

**ORDERED** that Plaintiff's Fourth Amendment claims of excessive force and failure to

intervene against John Does 1 and 2 **SURVIVE** the Court's *sua sponte* review; and it is further

**ORDERED** that the Clerk of Court **ADD** the City of Schenectady Chief of Police Eric Clifford, as a Defendant **FOR PURPOSES OF SERVICE AND DISCOVERY ONLY**; and it is further

**ORDERED** that the Clerk of Court shall add the City of Schenectady Chief of Police, Eric Clifford, as a defendant for purposes of service and discovery with respect to Plaintiff's claims against John Does 1 and 2 only; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 13) is **REJECTED** as premature, but Plaintiff is granted **THIRTY (30) DAYS** from the date of this Decision and Order by which file a revised Second Amended Complaint (or again file the current Second Amended Complaint, should he so choose), which shall be referred to Magistrate Judge Dancks for her review.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: March 8, 2021
          Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge

8